FILED
2026 Jul-22  PM 12:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION**

FILED

2026 JUL 22  P 12: 07

U.S. DISTRICT COURT
ALABAMA

| | |
|---|---|
| **SCOTT MCDONALD,**<br><br>*Plaintiff,*<br><br>v.<br><br>**BETH MCDONALD, et al,**<br><br>*Defendants.* | **Case No.: 5:25-cv-02226-HDM**<br><br>**PLAINTIFF'S OPPOSED MOTION TO UNSEAL IN PART ORDER DENYING THE MOTION TO STRIKE (DOC. 51) AND FOR LEAVE TO FILE A REDACTED PUBLIC VERSION - OPPOSED** |

**PLAINTIFF'S OPPOSED MOTION TO UNSEAL IN PART ORDER DENYING THE MOTION TO STRIKE (DOC. 51) AND FOR LEAVE TO FILE A REDACTED PUBLIC VERSION**

Plaintiff Scott McDonald, *pro se*, moves to unseal in part the Court's Order Denying Motion to Strike (Doc. 51) (sealed) and for leave to file a narrowly redacted public version of that order. Pursuant to the Court's Initial Order, Plaintiff designates this motion as opposed.

Plaintiff does not seek public filing of the disputed recording, or of any transcript, quotation, or paraphrase of its contents. He seeks only public filing of the Court's legal reasoning, with narrow redactions sufficient to omit the limited content-bearing passages and comparably sensitive private detail that should remain nonpublic. Because Doc. 51 is a judicial order—not merely discovery material—wholesale sealing is not justified where targeted redactions are plainly available.

## I. Relief Requested

Plaintiff respectfully requests that the Court:

1.  Unseal in part the Order Denying Motion to Strike (Doc. 51);

2.  Permit filing on the public docket of a redacted version of Doc. 51;

3.  Limit redactions to those portions necessary to avoid public disclosure of recording content or comparably sensitive private detail; and

4.  Grant such other relief as the Court deems just and proper.

## II. Doc. 51 Is a Judicial Order Subject to the Presumption of Public Access

### a. The public has a presumptive right of access to judicial records

The Supreme Court has recognized a general right "to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). The Eleventh Circuit has extended that principle to civil proceedings and has recognized a "general presumption that criminal and civil actions should be conducted publicly." *Newman v. Graddick*, 696 F.2d 796, 801–03 (11th Cir. 1983). The Court of Appeals has likewise held that the public has a presumptive common-law right of access to judicial records and that a court must balance the competing interests before denying access. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311–12 (11th Cir. 2001); *FTC v. AbbVie Prods. LLC*, 713 F.3d 54, 62 (11th Cir. 2013).

### b. Doc. 51 is a judicial record, not merely private discovery

Doc. 51 is a judicial record and that distinction matters. In the Eleventh Circuit, materials filed in connection with the Court's adjudicatory function are judicial records subject to the right of access, unlike unfiled discovery materials. *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 355–56 (11th Cir. 1987); *Chicago Tribune Co.*, 263 F.3d at 1311–12; *FTC v. AbbVie*, 713 F.3d at 62–64. Materials filed in connection with pretrial motions that require judicial resolution on the merits are subject to the common-law right of access. *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007).

Doc. 51 falls squarely within that category. It is a judicial order resolving Plaintiff's Opposed Motion to Strike Sealed Conventional Filing: "Exhibit 1 – Audio to Motions Hearing (Under Seal)" (Doc. 45). It contains the Court's factual discussion, statutory analysis, and legal reasoning for denying that motion. It is therefore a judicial record.

### c. The public interest is in the Court's reasoning, not in publication of the recording

The public's interest here is not in obtaining a copy of the recording itself. The public's interest is in understanding the basis on which the Court exercised judicial power. Doc. 51 sets out the Court's reasoning on whether the Court may judicially receive and consider the disputed recording before Plaintiff has proven

intentional interception, and whether 18 U.S.C. § 2515 bars such use at that stage. The public cannot meaningfully evaluate the exercise of judicial power if the Court's reasoning remains sealed in full while only the result is visible.

### III. Wholesale Sealing of Doc. 51 Is Overbroad

#### a. Sealing requires specific, on-the-record findings and narrow tailoring

Even where confidentiality concerns are legitimate, sealing must be supported by specific findings and narrowly tailored. *Romero v. Drummond Co.*, 480 F.3d 1234, 1245–46 (11th Cir. 2007). This Circuit has also recognized that when access is denied, the decision to restrict access must be articulated in findings sufficient for review. *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983). The Supreme Court likewise has made clear that restrictions on access must rest on a specific justification and be no broader than necessary. *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 13–14 (1986); *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 606–07 (1982).

The same principle appears in Eleventh Circuit cases recognizing that public access promotes confidence in the judicial process and preserves the integrity of the courts. See *Chicago Tribune Co.*, 263 F.3d at 1311–12; *Wilson v. American Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir. 1985); Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992).

### b. Complete sealing of this judicial order is broader than necessary

Complete sealing of Doc. 51 cannot be justified on this record. If some limited portions of the order still warrant protection, that does not justify suppressing the entire order from the public docket. The proper remedy is narrow redaction of those portions, not wholesale sealing of the full judicial order.

That is especially true here because any genuinely sensitive material is confined to discrete passages. There is no sound basis to seal the Court's entire legal analysis merely because some small part of the order refers to sensitive content.

### c. The integrity of the courts favors disclosure of the Court's reasoning

Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case. *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992). Public access helps ensure the integrity, fairness, and accountability of the judicial system. *Id.*; *Chicago Tribune Co.*, 263 F.3d at 1311–12; *Newman v. Graddick*, 696 F.2d at 801–03.

That principle has particular force here. Doc. 51 does not address a clerical matter or private discovery dispute. It sets out the Court's reasoning on a contested question of statutory interpretation and judicial use of allegedly intercepted

communications. Continued wholesale sealing of that reasoning undermines the transparency that public confidence in the courts requires.

## IV. Narrow Redaction, Not Total Sealing, Is the Correct Approach

### a. Plaintiff seeks only a redacted public version

Plaintiff is not asking to place the recording itself, or excerpts from it, on the public docket. Plaintiff seeks the narrower remedy of a redacted public version of Doc. 51.

Specifically, Plaintiff requests redaction of:

- most of the second paragraph of the factual background section, to the extent it unnecessarily discloses sensitive private background detail; and

- the final-page footnote in which the Court quotes and interprets purported recording content.

### b. The balance of the order should be public

The remainder of the order should be public. That includes the Court's reasoning concerning:

- why it received and reviewed sealed Exhibit 1;

- its interpretation of 18 U.S.C. §§ 2511 and 2515; and

- its rationale for denying Plaintiff's motion.

Those portions are not the recording. They are the Court's reasoning. Keeping them entirely off the public docket goes far beyond any legitimate need to protect sensitive content.

### c. Narrower alternatives are concrete, not hypothetical

The availability of obvious, targeted redactions confirms that continued total sealing is improper. The law does not favor blanket closure where narrower alternatives are readily available. *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 13–14 (1986); *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 606–07 (1982); *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007).

Here, narrower alternatives are not speculative. Plaintiff identifies them specifically. That should foreclose any argument for continued wholesale sealing of the full order.

### V. If Any Portion Remains Sealed, the Court Should Make Specific On-the-Record Findings

If the Court denies this motion in whole or in part, it should identify with specificity:

- which portions of Doc. 51 must remain sealed;
- the precise interest justifying continued sealing of those portions; and
- why narrower redaction would be insufficient.

That is required for meaningful review. *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007); *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983). It

is especially important here because the document at issue is a judicial order, not merely ancillary material.

### Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court unseal in part Order Denying Motion to Strike (Doc. 51) (Ex. 1) and permit filing on the public docket of a redacted version of that order. Plaintiff does not seek public filing of recording content. He seeks only the narrow relief necessary to place the Court's legal reasoning and procedural analysis on the public docket while preserving redactions for the limited content-bearing or comparably sensitive portions of the order. Wholesale sealing of a judicial order is not justified where narrow redactions will adequately protect the only genuinely sensitive material.

Respectfully submitted,

Date: ___July 22, 2026___

___Scott McDonald___
Scott McDonald
Plaintiff, *pro se*

## CERTIFICATE OF SERVICE

I certify that on July 22, 2026, I electronically filed the foregoing PLAINTIFF'S OPPOSED MOTION TO UNSEAL IN PART ORDER DENYING THE MOTION TO STRIKE (DOC. 51) AND FOR LEAVE TO FILE A REDACTED PUBLIC VERSION using the Court's CM/ECF electronic filing system which will serve opposing counsel.

Date: July 22, 2026

Scott McDonald
Plaintiff, pro se
(256) 503-0675
scottm2@hiwaay.net