FILED

2026 Jul-31  PM 04:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

SCOTT MCDONALD,

    **Plaintiff**,

v.

BETH MCDONALD, *et al.*,

    **Defendants**.

Case No. 5:25-cv-2226-HDM

## ORDER

This case is before the court on four motions filed by Plaintiff: (1) a motion to unseal the court's previous sealed order denying his motion to strike, (doc. 67); (2) a motion to strike portions of Defendant Beth McDonald's Second Amended Answer, (doc. 68); (3) a motion to reconsider the court's prior denial of his motion to vacate the court's protective order, (doc. 69); and (4) a motion to strike portions of Defendant Brooke Dumont's Amended Answer, (doc. 70). The court has reviewed the motions and concludes that responses from Defendants are unnecessary.

First, Plaintiff's motion to unseal the court's prior order, with redactions, (doc. 67), does not warrant the relief requested. The court will not publish a redacted version of its prior order because the necessary redactions would remove context

important to understanding both the court's reasoning and its disposition. When faced with similar situations, other courts have simply published the entire order on the public record, with no redactions, regardless of the sensitivity of the information included.[1] Here, the court sealed its order principally because Plaintiff—who is now requesting that the order be *un*sealed—has repeatedly and emphatically objected to the public disclosure of the information discussed in it. The court has no independent objection to unsealing the order in its entirety. If Plaintiff now prefers full public disclosure, he may file a notice unequivocally stating that he has no objection to the complete unsealing of the order.[2]

---

[1] As this court stated in *Weidley v. Aaniiih Nakoda Fin. LLC*,

> Defendants have filed numerous briefs and evidence under seal, including the Rule 30(b)(6) deposition cited here, conducted for purposes of jurisdictional discovery. But because some sealed information is necessary to resolve the pending motions, the Court will include some unredacted information in this Order where appropriate. The Court recognizes that the parties have privacy interests in the confidential information, but the public's interest in the reasoning behind the Court's Order is greater.

787 F. Supp. 3d 1255, 1268 n.1 (N.D. Ala. 2025). *See also Budeanu v. Allstate Ins. Co.*, No. 1:22-cv-4413, 2025 WL 2626117, at *1 n.1 (N.D. Ga. Aug. 4, 2025) ("This Order contains quotes and detailed discussions of materials that the Court has allowed to be filed under seal. However, the Court will not redact the Order or alter its discussions based on approval of sealed filings. All information included in this Order was critical in reaching a decision on Defendant's Motion for Summary Judgment. Therefore, it is necessary to include the information herein and equally necessary for this Court's decision [to] be filed on the open docket.").

[2] Indeed, the court would prefer full public disclosure and has sealed the order in question as a courtesy to Plaintiff and out of recognition that (1) Plaintiff considers the information contained in the order to be sensitive, and (2) the purpose of this case is to determine whether that information was illegally obtained. Balanced against the public's interest in access to this non-dispositive order, this constitutes good cause to seal, *see Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007), unless Plaintiff has no objection to unsealing.

Second, Plaintiff's motion to reconsider identifies no "extraordinary circumstances" warranting relief.[3] The subsequent clarification orders, (docs. 58, 66), merely applied the Protective Order—which applies, as protective orders generally do, **only to information exchanged during discovery**, (doc. 44, ¶ 1), not to information that a party possesses independently from discovery—to the circumstances presented; they neither altered the Protective Order nor supplied a basis for reconsideration. Plaintiff may not obtain reconsideration merely by repackaging arguments the court has already considered and rejected.

Finally, Plaintiff's motions to strike, (docs. 68, 70), fare no better. Plaintiff has not shown that the challenged matters prejudice him or otherwise warrant the disfavored and "drastic" remedy of striking portions of a pleading. *See Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962).

---

[3] "[A] district court's authority to revise interlocutory orders . . . comes from Rule 54(b) . . . ." *Herman v. Hartford Life & Acc. Ins. Co.*, 508 F. App'x 923, 928 n.1 (11th Cir. 2013) (per curiam). Under Rule 54(b) of the *Federal Rules of Civil Procedure*, "any order . . . [that] does not end the action as to any of the claims or parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). "Although Rule 54(b) does not delineate the parameters of a district court's discretion to reconsider interlocutory orders, [the Eleventh Circuit] ha[s] at least indicated that Rule 54(b) takes after Rule 60(b)." *Herman*, 508 F. App'x at 928 n.1 (citing *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 569 (11th Cir. 1990) (reviewing a district court's grant of a motion to reconsider a denial of summary judgment as if it were a Rule 60(b) motion)). "A Rule 60(b) motion is intended 'only for extraordinary circumstances.'" *Ctr. for Individual Rts. v. Chevaldina*, No. 21-13453, 2022 WL 4462246, at *4 (11th Cir. Sept. 26, 2022) (per curiam) (quoting *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1316 (11th Cir. 2000)).

3

To the extent any purported affirmative defense merely constitutes a denial, the court will treat it as such.

Accordingly, Plaintiff's motions, (docs. 67, 68, 69, 70), are **DENIED**.

Plaintiff is further cautioned that the court's time and resources are not unlimited, nor is its patience. His continued filing of repetitive and meritless motions diverts the court's attention from resolving the merits of this and other actions and imposes unnecessary burdens on both the court and Defendants. The court will not entertain further frivolous motions that merely express disagreement with prior rulings or repeat arguments already rejected. Any such motion may be summarily denied.[4] Although it is not the court's intent to dissuade Plaintiff from filing nonfrivolous motions necessary to advance his case, "[v]iolations of Rule 11 and of court orders, including the filing of frivolous motions, may result in imposition of sanctions, including monetary sanctions or an adverse judgment, with or without prejudice."[5] *Kelly v. Elite Roofing, LLC*, No. 2:24-cv-388, 2024 WL 4994508, at *3 (M.D. Ala. Dec. 5, 2024) (citing Fed. R. Civ. P. 11(c)), *report and recommendation adopted*, No. 2:24-cv-388, 2025 WL 366431 (M.D. Ala. Jan. 31, 2025).

---

[4] Specifically, this is the second time that Plaintiff has unsuccessfully challenged the court's Protective Order. (*See* Docs. 50, 69). Any further challenges to the Protective Order by Plaintiff will be summarily denied by text order and without further explanation.

[5] During the roughly four months that this case has been pending without a stay, Plaintiff has filed nineteen motions, (*see* docs. 14, 20, 34, 35, 36, 38, 39, 40, 45, 46, 47, 48, 49, 50, 55, 67, 68, 69, 70), of which only three have been granted in whole or in part, (*see* docs. 15, 56, 61).

Accordingly, Plaintiff is **WARNED** to carefully consider, before filing any future motion, whether it duplicates a motion the court has already denied.

**DONE** and **ORDERED** on July 31, 2026.

**HAROLD D. MOOTY III**
UNITED STATES DISTRICT JUDGE