FILED
2026 Oct-26 PM 01:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**NORTHEASTERN DIVISION**

FILED
2026 OCT 26 P 1:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| SCOTT McDONALD,<br><br>Plaintiff,<br><br>v.<br><br>BETH McDONALD, et al.,<br><br>Defendants. | Case No.: 5:25-cv-02226-HDM<br><br>**PLAINTIFF'S OPPOSED REPLY (DOC. 98), RESPONSE (DOCS. 100, 103), AND MOTION TO RESTRICT DOC. 94 AND FOR ORDER TO SHOW CAUSE** |

## PLAINTIFF'S OPPOSED REPLY IN SUPPORT OF MOTION TO STRIKE (DOC. 98), RESPONSE TO DOCS. 100 AND 103, AND MOTION TO RESTRICT DOC. 94 AND FOR ORDER TO SHOW CAUSE

Plaintiff Scott McDonald replies in support of his Motion to Strike (Doc. 98), responds to Defendant Dumont's Response and Motion to Seal (Doc. 100) and Motion to Withdraw and Substitute (Doc. 103), and moves to restrict public access to Doc. 94 and for an order to show cause. Doc. 100 states that Doc. 94 quotes sealed Doc. 51. Doc. 103 does not ask the Court to strike Doc. 94 or to restrict access to it. This filing does not repeat any sealed content.

### I. RECORD FACTS

1. Doc. 51 was entered under seal on April 3, 2026, and every page is marked "SEALED." The Court sealed it "as a courtesy to Plaintiff." (Doc. 71 at 2 n.2.) The Protective Order requires a party seeking to file "any derivative of the Recording—including but not limited to transcripts of and quotations from the Recording, but not

including mere references to the recording" to "request leave of the court, in advance, to file the materials under seal" (Doc. 44 ¶ 9), and warns of sanctions "including sanctions by way of contempt of court." (*Id.* ¶ 8.)

2. Plaintiff's appeal from Doc. 71 is pending. *McDonald v. McDonald*, No. 26-12718 (11th Cir.). Defendant Dumont's September 9, 2026 appellee brief refers to "the sealed Order" and asserts a "particularized interest in ensuring that any disclosure of the Order's contents is handled in a manner consistent with the trial court's considered judgment." (Br. of Appellee Dumont at 1, 11th Cir. Doc. 20.)

3. On October 21, 2026, counsel for Defendant Dumont filed on the public docket Doc. 94, a 34-page response to Plaintiff's Motion to Compel (Doc. 92). It cites Doc. 51 by page and footnote at least at pages 5–6, 10–11, 24, 26–27, and 30–32, quotes the Court's language (Doc. 94 at 5, 31), and recites its contents as background and as authority on intent, burden of proof, the crime-fraud exception, and relevance. At pages 5 and 31 it also attributes to the recording a statement by an identified voice, citing Doc. 51 at 10 n.4 (see also *id.* at 26). Plaintiff does not repeat that statement. The record reflects no request for leave under Doc. 44 ¶ 9.

4. On October 22, 2026, Plaintiff received notice through CM/ECF at 9:51 a.m. of Doc. 96, a motion for leave to file excess pages as to Doc. 94. At 2:15 p.m. the Clerk time-stamped Plaintiff's conventionally filed Doc. 98, which moves to strike Doc. 94, including every response relying on Doc. 51, and reserves relief for

any violation of the rules and orders governing sealed documents (Doc. 98 at 2–3). At 2:36 p.m., 21 minutes later, Plaintiff received notice that the Court had granted Doc. 96 by text order (Doc. 97). At 2:45 p.m., 30 minutes after the stamp, Plaintiff received notice that Doc. 98 had been docketed.

5. At 3:32 p.m. the same day, Plaintiff received notice of Doc. 100. It states that Doc. 94 "quotes from the Court's Order [Doc. 51]," that counsel "quoted from that document to avoid quoting from the audio recording itself," and that counsel "failed to realize that [Doc. 51] is also sealed." (Doc. 100 at 1–2.) It asks the Court to seal all of Doc. 94 without addressing *Romero v. Drummond Co.*, 480 F.3d 1234 (11th Cir. 2007), which Doc. 16 § III.I makes the test for every motion to seal. It opposes Doc. 98 in part on the ground that, "to the extent that the Plaintiff's Motion to Strike relies upon that Initial Order, it is due to be denied." (Doc. 100 ¶ 1.) It does not state whether Doc. 94 or the contents of Doc. 51 have been provided to anyone other than the Court and the parties.

6. On Saturday, October 24, 2026, at 1:00 p.m., Plaintiff sent counsel for Defendant Dumont a written proposal, requesting a response by 10:00 a.m. on Monday, October 26. The first item asked that Defendant Dumont "[f]ile a notice that Dumont does not oppose striking Doc. 94 in full, and withdraw the request in Doc. 100 to seal Doc. 94 in full." The remaining items asked for (2) a corrected response omitting every quotation, paraphrase, and recitation of the contents of Doc.

51 and of the recording, adding nothing new; (3) joinder in or non-opposition to immediate interim restriction of Doc. 94 by the Clerk; (4) a written statement identifying every person other than the Court and the parties to whom Doc. 94 or the contents of Doc. 51 have been provided or disclosed; and (5) agreement that no party will quote, paraphrase, or recite Doc. 51 or the recording in any public filing, without advance leave under Doc. 44 ¶ 9, while the appeal is pending. The proposal reserved a motion for an order to show cause and for sanctions. (Ex. A.) At 1:48 p.m., counsel asked whether Plaintiff still planned to move for sanctions or whether the proposal was in lieu of such a filing. At 2:17 p.m., Plaintiff replied that a show-cause request "will not be necessary with an agreement." (Ex. A.)

7. On Monday, October 26, 2026, at 10:04 a.m., counsel wrote that an amended response removing any reference to Doc. 51 would be filed shortly, "along with a Motion asking that #94 be withdrawn, and mooting the prior request to seal #94"; that "neither #51 nor #94 have been provided to any non-parties"; and that he had "no opposition to #94 having restricted access until the Court rules on my Motion to Withdraw and Substitute." (Ex. A.) Plaintiff replied within minutes that Doc. 94 should be struck before it is sealed, as the Court did with Plaintiff's own initial disclosures (Docs. 30, 31). At 10:27 a.m., counsel responded in full: "In my Motion, I say if it is stricken, my Motion to Seal will be moot, but the court may take a different approach." (Ex. A.) The exchange contains no notice or statement that

Defendant Dumont does not oppose striking Doc. 94, as the first item of the proposal requested, and no response to item (5). Based on counsel's written statements, Plaintiff understood that Defendant Dumont did not oppose striking Doc. 94 and had agreed to the relief requested in the proposal, and Plaintiff refrained from filing his show-cause request on that understanding. Doc. 103, as filed, does not reflect that agreement.

8. Later that day, counsel filed Doc. 103. It states that Plaintiff "requested that [Doc. 94] be withdrawn and substituted" (¶ 3); that counsel "has filed an Amended Response," Doc. 102, "which removes any references to the sealed Order" (*id.*); and that, "[s]hould the Court allow the withdrawal and substitution, Defendant Dumont would also withdraw her request in [Doc. 98] to seal [Doc. 94]" (at 1). It asks that Doc. 94 "be removed from the Court's record." (At 2.) It does not use the word "stricken," does not state non-opposition to Doc. 98, and does not ask the Clerk to restrict access to Doc. 94, now or upon withdrawal, although counsel's email that morning stated no opposition to restricted access. It does not mention the written statement or the agreement on further quotation. It describes Doc. 94 as containing "references to a sealed Order" (¶ 1), while Doc. 100 stated that Doc. 94 "quotes from the Court's Order [Doc. 51]." It identifies the sealing request as one made in Doc. 98, which is Plaintiff's motion; the request is in Doc. 100.

9. The Court has not ruled on Docs. 98, 100, or 103. Doc. 94 remains publicly accessible and has been since October 21, 2026.

## II. ARGUMENT

### A. Doc. 94 placed sealed content on the public docket.

Doc. 100 does not dispute that Doc. 94 quotes Doc. 51. Doc. 44 ¶ 9 requires advance leave to file quotations from the Recording or any derivative of it under seal, and none was sought. Quoting the content through the Court's order rather than from the audio does not change what was conveyed to the public. Counsel also knew Doc. 51 is sealed: each page says so, Doc. 71 describes it as sealed, and counsel's own appellate brief, filed six weeks before Doc. 94, calls it "the sealed Order" and asserts an interest in how its contents are disclosed. Doc. 100's statement that counsel "failed to realize" that it is sealed cannot be reconciled with that brief.

### B. Doc. 103 does not restrict or strike Doc. 94, and an accounting is needed.

Plaintiff does not oppose substitution of Doc. 102 on the basis Doc. 103 ¶ 3 states: a response with no reference to Doc. 51. Plaintiff reserves the right to object if Doc. 102 does not conform, and does not seek further briefing on Doc. 92 if Doc. 102 adds no argument or material beyond Doc. 94 with the Doc. 51 portions removed. But Doc. 103 states that sealing is unnecessary because Doc. 94 "would be withdrawn from the Court's record" (¶ 4) and identifies no step by which that would occur. An order that merely "allows" withdrawal would not restrict access to Doc. 94, which has been public since October 21. Restriction by the Clerk is the

narrow remedy for a superseded filing containing sealed content. It also makes it unnecessary to reach *Romero*, which Doc. 100 did not address. Counsel has stated in writing that he has no opposition to sealing.

Counsel's unsworn email statement that Doc. 51 and Doc. 94 have not been provided to non-parties is not in the record and does not address who has accessed Doc. 94 on the public docket since October 21. The Protective Order limits who may receive protected material to "Qualified Persons." (Doc. 44 ¶¶ 3–4, 8.) A sworn statement is the only way to determine whether the harm that Doc. 44 and the seal on Doc. 51 are designed to prevent has occurred.

Plaintiff stated on October 24 that a show-cause request would not be necessary "with an agreement." The terms in counsel's emails and in Doc. 103 are narrower than the proposal: no notice of non-opposition to striking, no request to the Court for interim restriction, no response on further quotation of Doc. 51, and no sworn accounting. Plaintiff therefore requests the relief below.

**C. The Court has authority to enforce Doc. 44 and the seal, within the limits of the pending appeal.**

A protective order under Rule 26(c) is not "an order to provide or permit discovery" within Fed. R. Civ. P. 37(b)(2), *Lipscher v. LRP Publications, Inc.*, 266 F.3d 1305 (11th Cir. 2001), so enforcement of Doc. 44 rests on the contempt power the Order itself invokes (¶ 8) and the Court's inherent authority, which includes "the ability to fashion an appropriate sanction for conduct which abuses the judicial

process." *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991). A show-cause order is the ordinary first step. Alabama Rule of Professional Conduct 3.4(c) bars a lawyer from "[k]nowingly disobey[ing] an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists," and Rule 8.4(d) treats conduct "prejudicial to the administration of justice" as misconduct. Doc. 100 asserts no open refusal. Plaintiff cites the rules only to identify the obligations that apply and asks for no disciplinary ruling.

Whether Doc. 51 should remain sealed is before the Eleventh Circuit, and a notice of appeal "divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982). Interim restriction of Doc. 94 preserves the status quo and does not alter the sealed status of Doc. 51. Plaintiff asks that any ruling not adjudicate the sealed status or contents of Doc. 51 or treat Doc. 94's disclosure of them as cured or harmless.

## III. RELIEF REQUESTED

Plaintiff requests that the Court:

(a) direct the Clerk to restrict public access to Doc. 94 immediately and to keep it restricted if withdrawal and substitution are allowed;

(b) allow substitution of Doc. 102 only on the stated basis that it contains no reference to Doc. 51, and provide that Doc. 94 is restricted rather than merely withdrawn;

(c) treat Doc. 100's request to seal as resolved by the restriction, and Doc. 98 as moot as to Doc. 94 upon substitution, without prejudice to Plaintiff's objection if Doc. 102 does not conform to Doc. 103 ¶ 3;

(d) order counsel for Defendant Dumont to show cause, within seven days, why he should not be held in contempt or otherwise sanctioned for filing the contents of Doc. 51 and the words attributed to the recording in Doc. 94 without leave under Doc. 44 ¶ 9;

(e) order counsel to file, within seven days, a sworn statement identifying every person other than the Court and the parties to whom Doc. 94 or the contents of Doc. 51 have been provided;

(f) direct that, pending the appeal, no party quote, paraphrase, or recite the contents of Doc. 51 in any public filing without advance leave to file under seal;

(g) make findings on whether the filing of Doc. 94 violated Doc. 44 ¶¶ 8–9 and the seal on Doc. 51, and impose such sanctions as the Court finds warranted; and

(h) grant such other relief as is just.

**STATEMENT OF POSITION**

Counsel for Defendant Dumont stated in writing on October 26, 2026 that he has no opposition to striking and restricting access to Doc. 94 until the Court rules on Doc. 103 (Ex. A), so request (a) is unopposed to that extent. Defendant Dumont

has not stated non-opposition to Doc. 98, which Doc. 100 opposes in part and Doc. 103 does not address, and has not stated a position on requests (b), (c), and (f). She has not agreed to requests (d), (e), and (g), which are opposed.

Respectfully submitted this 26th day of October, 2026.

Scott McDonald, Pro Se
789 Neal Drive, Gurley, Alabama 35748
256-503-0675 | scottm2@hiwaay.net

**CERTIFICATE OF SERVICE**

I certify that on October 26, 2026, I served true and correct copies of the foregoing PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL DEFENDANT BROOKE DUMONT (Doc. 92), using the Court's CM/ECF system, which will serve all counsel of record.

Scott McDonald
789 Neal Drive, Gurley, Alabama 35748
(256) 503-0675 |scottm2@hiwaay.net