FILED
2026 Nov-02 PM 02:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**NORTHEASTERN DIVISION**

FILED
2026 NOV -2 A 11:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

SCOTT McDONALD,

Plaintiff,

v.

BETH McDONALD, et al.,

Defendants.

Case No.: 5:25-cv-02226-HDM

**PLAINTIFF'S OPPOSED MOTION UNDER FED. R. CIV. P. 37(b)(2) FOR SANCTIONS FOR VIOLATION OF THE PROTECTIVE ORDER (DOC. 44)**

**PLAINTIFF'S OPPOSED MOTION UNDER FED. R. CIV. P. 37(b)(2) FOR SANCTIONS FOR VIOLATION OF THE PROTECTIVE ORDER (DOC. 44)**

Plaintiff Scott McDonald, pro se, moves under Fed. R. Civ. P. 37(b)(2)(A) and (C) for further just orders and for expenses against Defendant Brooke Dumont and her counsel for violating the Protective Order (Doc. 44). Defendants first asked for permission to disclose and file the audio recording at issue, in their objections to Plaintiff's motion for a protective order (Docs. 26, 27), and the Court then entered the Protective Order (Doc. 44) on April 1, 2026. The Order governs the terms on which discovery materials, including the recording and its derivatives, may be disclosed, used, filed, or provided to others, including Additional Persons. (Doc. 44 ¶¶ 3-4, 6-10.)

*Relationship to pending filings.* Plaintiff's earlier filings about these events (Docs. 98, 104 and 105) rest on Doc. 16 (Initial Order), the Court's contempt and

inherent authority, 28 U.S.C. § 1927, and Fed. R. Civ. P. 11. Plaintiff reserved the ground presented here. (Doc. 104 at 2-3.) This motion rests on a different rule and a different legal question (whether Doc. 44 is "an order to provide or permit discovery"). It does not incorporate those filings (Doc. 16 § III.A) or repeat sealed content. Only the alternative request in Part II.D overlaps.

*Conferral.* Plaintiff does not treat this motion as a discovery dispute under Doc. 16 § III.F, because it seeks sanctions for violation of a court order. Nevertheless, Plaintiff attempted to confer with counsel for Defendant Dumont by email on October 29, 2026, with copy to counsel for Defendant Beth McDonald. Counsel responded on November 2, 2026, stating that he opposes any effort to hold him in contempt. He did not agree to the relief the motion would seek. To the extent § III.F applies, Plaintiff requests that this filing be treated as the request for leave it contemplates. Defendant McDonald expressed no opinion.

## I. RECORD FACTS

1. *Defendants asked for permission to disclose the recording.* Plaintiff's Doc. 20 (Mot. for Protective Order) sought a protective order. Defendant Dumont opposed it, stating that "a limited protective order either allowing the parties to *provide* a copy of the audio tape in question or a transcript thereof to this Court without fear of repercussion, or alternatively to allow the filing of the contents of said audio under seal, will be necessary." (Doc. 26 at 2, emphasis added.) Defendant

Beth McDonald "request[ed] an Order from the Court allowing the parties to *provide* a copy of the audio file in question or a transcript thereof to the Court without fear of reprisal, or alternatively to allow the filing of the contents of the audio file under seal." (Doc. 27 at 1., emphasis added.)

2. *At the March 31, 2026 hearing, Defendants said they would not accept limits on their use of the recording.* Counsel for Defendant Dumont stated that Defendants "intend, with the Court's permission, to rely upon the substance of the recording as a defense" and that "anything that restricts my ability to give to [the Court], I'm going to object to." (Doc. 52 (Mar. 31, 2026 Hr'g Tr.) at 37:3–4, 44:16–18.) Counsel for Defendant Beth McDonald agreed. (*Id.* at 44:19–21.)

3. *The Court set the terms of discovery.* The Court said it would review the recording in camera to determine "what level of protection is appropriate for this recording so that the parties can proceed through discovery." (Doc. 52 at 21:12–19.) The Court ruled that "the parties will further participate in this litigation through discovery within the limits set by the Court pursuant to its protective order." (*Id.* at 48:8–13.)

4. *Doc. 44.* The Court entered Doc. 44 on April 1, 2026, granting Doc. 20 "IN PART" and denying it "IN PART." (Doc. 44 at 1.) It recites that "Defendants do not object to a protective order as long as it does not curtail their ability to file the Recording … with the court." (*Id.*) It governs "all discovery materials (including

audio recordings or derivatives thereof, testimony, interrogatories, responses …)" (¶ 1); limits use to this litigation (¶¶ 3, 7); bars providing, publishing or communicating Confidential Material to anyone other than Qualified Persons, on pain of "sanctions, including sanctions by way of contempt of court" (¶ 8); provides that a party seeking to file the Recording "shall file it under seal" (¶ 9); and requires advance leave to file "any derivative of the Recording—including but not limited to transcripts of and quotations from the Recording, but not including mere references to the recording" (*id.*) or anything designated Confidential (¶ 10).

5. *Plaintiff's Doc. 50 (Mot. to Vacate) and the Court's ruling.* Two days after Doc. 44 issued, Plaintiff moved to vacate it. (Doc. 50, filed April 3, 2026.) Doc. 50 stated:

> Doc. 44's operative premise is that Defendants "do not object to a protective order as long as it does not curtail their ability to file the Recording ... with the court," and it then establishes a framework that preserves and facilitates filing and derivative use of the Recording. Plaintiff respectfully submits that this is not a protective order entered to limit dissemination of sensitive discovery. It is an order that enables court-filing and use of a disputed recording and derivatives, ... .

(Doc. 50 at 1.) Doc. 50 added that, "[b]ecause the order's central function is to preserve and facilitate filing and derivative use, Plaintiff respectfully submits it cannot be cured by revisions." (*Id.* at 5.) The Court denied the motion, stating that it entered "its standard protective order" in its discretion under Rule 26(c) and that Plaintiff "takes issue with the court's protective order for not restricting Defendants'

ability to file a piece of important … evidence with the court as part of its defense." (Doc. 61 (Order on Mots. to Vacate) at 2–3.) The Court did not hold that Doc. 44 falls outside Rule 37(b)(2).

6. *Discovery proceeded under Doc. 44.* Written discovery has been provided under Doc. 44, including interrogatory answers marked "Confidential" under its designation procedure. (Doc. 44 ¶ 1-2.)

7. *The violation.* On October 21, 2026, counsel for Defendant Dumont filed Doc. 94 (Dumont Resp. to Mot. to Compel) on the public docket. It cites and quotes the sealed Order (Doc. 51) (Doc. 94 at 5–6, 10–11, 24, 26–27, 30–32) and attributes to the Recording words of an identified voice (*id.* at 5, 31). Doc. 100 (Dumont Resp.) admits that Doc. 94 "quotes from the Court's Order [Doc. 51]." (Doc. 100 ¶ 2.) No advance leave under ¶ 9 was sought. The Court's text order (Doc. 97) granted leave to exceed the page limit; it does not mention Doc. 44, or Doc. 51 or the quoted sealed excerpts.

## II. ARGUMENT

### A. Doc. 44 is "an order to provide or permit discovery."

Rule 37(b)(2)(A) applies when a party "fails to obey an order to provide or permit discovery, including an order under Rules 26(f), 35, or 37(a)." Fed. R. Civ. P. 37(b)(2)(A). The listed orders are examples; they do not narrow "an order to provide or permit discovery." The Eleventh Circuit has held that a Rule 26(c) protective

order is not such an order. *Lipscher v. LRP Publications, Inc.*, 266 F.3d 1305, (11th Cir. 2001). But *Lipscher* drew the line precisely. Addressing the 1970 Advisory Committee Notes, it wrote:

> The Notes refer to Rule 26(c) only in connection with rules authorizing "orders for discovery" (emphasis added). Under Rule 26(c), "[i]f the motion for a protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or other person provide or permit discovery." This type of order clearly qualifies as an order "for discovery" under Rule 26(c). In contrast, a Rule 26(c) protective order is not "an order to provide or permit discovery," and therefore, such orders do not fall within the scope of Rule 37(b)(2).

*Lipscher*, 266 F.3d 1305 [pin].[1] The Eleventh Circuit thus recognized two kinds of Rule 26(c) orders: a protective order, which is outside Rule 37(b)(2), and an order entered when a protective-order motion is "denied in whole or in part" that directs a party to "provide or permit discovery," which "clearly qualifies." The 1970 Advisory Committee Note on which *Lipscher* relied explains the purpose:

> The scope of Rule 37(b)(2) is broadened by extending it to include any order "to provide or permit discovery," including orders issued under Rules 37(a) and 35. Various rules authorize orders for discovery—e.g., Rule 35(b)(1), Rule 26(c) as revised, Rule 37(d). Rule 37(b)(2) should provide comprehensively for enforcement of all these orders.

*Id.* [pin]. Doc. 44 is the second kind. Plaintiff's Doc. 20 sought a protective order confined to *in camera* review. The Court denied the use restrictions Plaintiff sought

[1] Plaintiff, who is self-represented, lacks access to subscription research services. Pin cites are omitted where Plaintiff could not confirm them from available sources and will be supplied on request. Where pin cites would otherwise go, [pin] is used as a placeholder.

and set the terms on which the Recording is provided, filed and used by Defendants. Doc. 44 is permissive in operation, for three independent reasons.

*First, Doc. 44 permits discovery, on terms Defendants requested.* Defendants asked for "an Order from the Court allowing" them to provide the recording to the Court or file it under seal. (Part I, ¶ 1.) Doc. 44 granted that relief: it recites Defendants' condition that it not "curtail their ability to file the Recording," and ¶ 9 authorizes the Recording to be filed under seal. The Court itself described Doc. 44 as not restricting "Defendants' ability to file a piece of important … evidence" (Part I, ¶ 5), and Plaintiff said at the time that it is "not a protective order entered to limit dissemination of sensitive discovery" but "an order that enables court-filing and use of a disputed recording and derivatives." (Doc. 50 at 1.) Plaintiff preserves his objections to Doc. 44; on the Court's own characterization, Doc. 44 is a Rule 26(c) order that also governs how discovery materials are provided, filed and used. By permitting Defendants to provide, file and use the Recording, Doc. 44 authorizes what Title III would otherwise prohibit, *see* 18 U.S.C. §§ 2511(1)(c)–(d), 2515, 2520(a), and gives those who rely on it a claim of "good faith reliance on … a court warrant or order." *Id.* § 2520(d)(1). Defendants cannot treat Doc. 44 as permission when they invoke it and as a mere restraint when they violate it.

*Second, Doc. 44 denied the restrictions Plaintiff sought.* Plaintiff's proposed order would have confined access to the recording to the Court and Court personnel.

(Doc. 20, Ex. 1 §§ 4–5.) Doc. 44 did not adopt that limit and instead provides how the Recording may be filed (¶ 9). The Court rejected the proposal that a third party hold the recording ("It's not going to happen." Doc. 52 at 45:1–3) and declined to restrict Defendants' ability to file it (Part I, ¶ 5). That is the kind of Rule 26(c) ruling *Lipscher* recognized as an order providing or permitting discovery. *Lipscher*, 266 F.3d 1305 [pin].

*Third, Doc. 44 prescribes the method and terms of discovery, and discovery proceeded under it.* The Fifth Circuit held that, even under *Lipscher*'s narrower reading, a protective order was an order to provide or permit discovery because, "by prescribing the method and terms of the discovery of confidential material," it governed how that material was produced and used. *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, [pin] (5th Cir. 2012). Doc. 44 does the same: it governs all discovery materials, permits their use to this litigation only, sets how they and the Recording may be filed, and, like the Rule, speaks of who may be "provided" with them. (Part I, ¶ 4; Doc. 44 ¶¶ 6, 8.) The Court ruled that discovery would proceed "within the limits set by the Court pursuant to its protective order" (Part I, ¶ 3), and it did (Part I, ¶ 6).

**B. Defendant Dumont, through counsel, failed to obey Doc. 44, and the failure was not substantially justified.**

Paragraph 9 requires advance leave to file "any derivative of the Recording—including … quotations from the Recording, but not including mere references to

the recording." Doc. 94 does more than refer to the recording; it recites words attributed to it. (Part I, ¶ 7.)

Rule 37(b)(2)(C) provides that the Court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Nothing was genuinely disputable about what ¶ 9 requires, and counsel's explanation, that he "failed to realize that [Doc. 51] is also sealed" (Doc. 100 ¶ 2), does not fit the record. Doc. 94 does not touch the sealed Order once. It cites and quotes it at five separate places across pages 5 to 32 and attributes words to the Recording. (Part I, ¶ 7.) A single lapse might be an oversight. Repetition throughout a 34-page public filing is not. Counsel received Doc. 51 under seal; via USPS. The quoted material was not needed to respond to Doc. 92. Rule 37(b)(2)(C) requires no finding of bad faith, and the Court need not make one. But where no innocent account fits the pattern of the conduct, the Eleventh Circuit permits the inference. *See Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, (11th Cir. 2017) (absent direct evidence, bad faith may be shown where conduct is "so egregious that it could only be committed in bad faith").

The relief is at the measured end of Rule 37(b)(2)'s range. Default and dismissal require willfulness and are reserved for when "less drastic sanctions would

not ensure compliance." *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, [pin], (11th Cir. 1993). Plaintiff seeks expenses, which Rule 37(b)(2)(C) makes mandatory absent substantial justification, and preclusion limited to the passages at issue. The relief is also tailored. Plaintiff does not ask that Defendant Dumont be barred from responding to Doc. 92, only that Doc. 94 be stricken and a response filed without the protected material. That is "less draconian but equally effective". *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1543 (11th Cir. 1985).

**C. The failure caused specific harm.**

*Privacy.* The communications intercepted were a private conversation between Plaintiff and his son. Title III was enacted to protect the privacy of wire and oral communications. S. Rep. No. 90-1097 (1968). Section 2515 carries that protection into the courtroom: where a communication has been intercepted, "no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial, hearing, or other proceeding in or before any court … if the disclosure of that information would be in violation of this chapter." 18 U.S.C. § 2515. Plaintiff contends that the Recording was unlawfully intercepted and that § 2515 bars its contents from being received in this proceeding. Publication on a public docket of words attributed to that conversation repeats the invasion the statute addresses, whatever the accuracy of the attribution, and the exposure grows

with each day of access. Striking Doc. 94 and restricting access ends that exposure and limits further copying and republication.

*Loss of the protection the Court gave.* The Court sealed Doc. 51 "as a courtesy to Plaintiff and out of recognition that … Plaintiff considers the information contained in the order to be sensitive." (Doc. 71 (Order Denying Mot. to Unseal) at 2 n.2.) Passages nonetheless were published on the public docket.

*Procedural harm.* Doc. 94 ran 34 pages against a 15-page limit, and Plaintiff's reply (Doc. 99) was filed before Doc. 102 (Dumont Am. Resp. to Mot. to Compel) existed, so a reply to its new matter would be a sur-reply requiring leave. (Doc. 16 § III.E.) Preparing Docs. 98, 104 and 105 and this motion to protect material Doc. 44 already protected are the expenses "caused by the failure." Fed. R. Civ. P. 37(b)(2)(C).

*Authority to strike.* The Court has asserted authority to strike noncompliant filings. Doc. 16 § III provides that "motions and briefs that do not conform to the requirements of this order may be stricken" (Doc. 16 at 6), and in granting leave for Doc. 94 the Court warned that "[a]ny future filing of noncompliant materials without first seeking leave of the court will result in them being stricken from the docket." (Doc. 97 (Text Order).) The Court has acted on that authority. (Doc. 30; Doc. 61.) The power is inherent. *United States ex rel. Sedona Partners LLC v. Able Moving & Storage Inc.*, No. 22-13340, slip op. at 24 n.8 (11th Cir. July 25, 2025) (court may

strike a pleading to "enforce its orders and ensure prompt disposition of legal actions") (quoting *Hartline*, 693 F.2d at 1352). Doc. 94 violated Doc. 44 ¶ 9, and striking it is the remedy the Court has said it will apply.

*Interim relief.* Doc. 94 remains public, and Doc. 44 ¶ 9 already requires the Recording and derivatives to be filed under seal. Restricting access pending ruling preserves the status quo and does not decide whether the passages may be received under § 2515. Plaintiff asks that any ruling be accompanied by findings. *See Callahan v. United Network for Organ Sharing*, 17 F.4th 1356 [pin] (11th Cir. 2021).

This request is consistent with Plaintiff's position that Doc. 94 should be stricken in full. (Doc. 98 [pin].) Before filing this motion, Plaintiff offered counsel for Defendant Dumont a way to correct the filing without a contested ruling. The offer asked that counsel (1) file a notice that Defendant Dumont does not oppose striking Doc. 94 in full and no longer seeks the sealing of Doc. 94 in full requested in Doc. 100 [pin]; (2) file a corrected response omitting every quotation, paraphrase and recitation of the contents of Doc. 51 and of the Recording and adding nothing else; and (3) not oppose immediate interim restriction of Doc. 94 by the Clerk. The offer asked that Doc. 94 be *stricken*, not that it remain public, and not that Doc. 100, which admits that Doc. 94 quotes Doc. 51, be removed from the record. Striking Doc. 94 and removing it from the public docket was, and remains, Plaintiff's primary objective. The corrected response was an accommodation that let Defendant Dumont

have a response to Doc. 92 on the docket without the protected material. Sealing in full was not the remedy sought, because a sealed Doc. 94 would remain in the record and could later be unsealed and used. Plaintiff asks that Doc. 94 be stricken in full and public access foreclosed; the Court may choose the mechanism. Interim restriction is not a concession that the Recording's contents may be received.

### D. Lipscher does not control this motion, and Plaintiff preserves the position that it was wrongly decided.

Plaintiff recognizes that *Lipscher* binds this Court under the prior-panel-precedent rule. *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008). Part II.A shows that Doc. 44 qualifies even under *Lipscher*'s reasoning. In the alternative, Plaintiff preserves the position that *Lipscher* was wrongly decided and asks the Court to rule expressly on whether Doc. 44 is within Rule 37(b)(2)(A), so the question is reviewable.

The grounds are these. First, the 1970 Advisory Committee Note quoted in Part II.A states that Rule 37(b)(2) "should provide comprehensively for enforcement of all these orders." Second, other courts have questioned *Lipscher*: the Fifth Circuit noted that its reading "has been questioned by several courts." *Smith & Fuller*, 685 F.3d 486, [pin]. That opinion collects Ninth Circuit and district court decisions applying Rule 37(b) to protective-order violations. Plaintiff raises these points to preserve them for further review.

If the Court holds that Rule 37(b)(2) does not apply, Plaintiff requests in the alternative that the relief below be treated as sought under Doc. 44 ¶ 8, which provides for "sanctions, including sanctions by way of contempt of court," and under the Court's inherent authority, as presented in Docs. 104 and 105.

**III. RELIEF REQUESTED**

Plaintiff requests that the Court:

(a) determine that Doc. 44 is "an order to provide or permit discovery" within Fed. R. Civ. P. 37(b)(2)(A) or, if *Lipscher* requires otherwise, so state and rule in the alternative as requested in Part II.D;

(b) find that Defendant Dumont, through counsel, failed to obey Doc. 44 ¶ 9 by the filing of Doc. 94;

(c) order under Fed. R. Civ. P. 37(b)(2)(C) that Defendant Dumont and her counsel pay the reasonable expenses caused by the failure, on Plaintiff's itemized submission within fourteen days;

(d) under Fed. R. Civ. P. 37(b)(2)(A)(ii), prohibit Defendant Dumont from relying on the passages of Doc. 94 identified in Part I, ¶ 7, and on any other derivative of the Recording not filed in compliance with Doc. 44 ¶ 9;

(e) direct the Clerk, immediately and pending ruling, to restrict public access to Doc. 94 to the Court and the parties, and, in its ruling, strike Doc. 94 in full, permitting Defendant Dumont to file a corrected response that omits every quotation,

paraphrase and recitation of the contents of Doc. 51 and of the Recording, and making clear that restricted access is not a determination that the contents may be received;

(f) make express findings on the record supporting each ruling above; and

(g) grant such further just orders as are appropriate.

Respectfully submitted November 2, 2026.

[signature]
Scott McDonald, Plaintiff pro se
789 Neal Drive, Gurley, Alabama 35748
(256) 503-0675 | scottm2@hiwaay.net

## CERTIFICATE OF SERVICE

I certify that on November 2, 2026, I served true and correct copies of the foregoing PLAINTIFF'S OPPOSED MOTION UNDER FED. R. CIV. P. 37(b)(2) FOR SANCTIONS FOR VIOLATION OF THE PROTECTIVE ORDER (DOC. 44), using the Court's CM/ECF system, which will serve all counsel of record.

[signature]
Scott McDonald, Plaintiff pro se
789 Neal Drive, Gurley, Alabama 35748
(256) 503-0675 | scottm2@hiwaay.net